100 N.W.2d 111 (1959)
Glen MASTELLER, Plaintiff-Appellee,
v.
BOARD OF CONTROL OF STATE INSTITUTIONS, Robert C. Lappen, Chairman of the Board of Control of State Institutions, John E. Bennett, Warden of the Iowa State Penitentiary, and C. E. Wilkens, Records Clerk of the Iowa State Penitentiary, Defendants-Appellants.
No. 49835.
Supreme Court of Iowa.
December 15, 1959.
Norman A. Erbe, Atty. Gen., of Iowa, Hugh V. Faulkner, Asst. Atty. Gen., Donald L. Nelson, Story County Atty., Nevada, *112 George R. Larson, Asst. County Atty., Roland, for defendants-appellants.
James Lawyer, Des Moines, for plaintiff-appellee.
GARRETT, Justice.
Action in mandamus by a prison inmate to require the defendants, Board of Control of State Institutions, the chairman of said board, the warden and records clerk of the state penitentiary to make an entry on the penitentiary records showing that his term will expire on January 27, 1960.
At a pretrial conference it was agreed the pleadings were superseded by the pretrial order, and the facts as therein set out constitute the record, as follows: "That the plaintiff presently is an inmate in the State Penitentiary at Fort Madison, * * on the 29th day of April, 1955, the plaintiff was sentenced by the Honorable G. R. Hill, Judge * * * to a term of ten years in the State Penitentiary * * *. That on the 16th day of March, 1957, * * * the Records Clerk * * * entered on his records the expiration date of the ten years sentence * * * as April 29th, 1965. Upon these facts the following legal issues are to be determined herein by the Court: Does Section 204.22, Subsection 4 of the 1958 Code of Iowa [I.C.A.] prohibit the operation of Section 246.39 and Section 246.43 of the 1958 Code of Iowa [I.C.A.] on a sentence imposed for violation of Section 204.18 of the 1958 Code of Iowa [I.C.A.]." (Court later amends pretrial order to read "1954 Code".)
Trial to the court resulted in a decree for plaintiff and defendants have appealed.
I. The first assignment of error is that the court in imposing sentence under section 204.22, subd. 1, ignored the intention of the legislature that the indeterminate sentence statute, section 789.13, should control. The defendants contend that whenever the legislature intended the indeterminate sentence law should not apply it so clearly expressed itself. Plaintiff insists section 204.22 carries such clear expression. We agree no construction should be adopted which would nullify, destroy or defeat the legislative intent. "Since the intention of the legislature, embodied in a statute, is the law, the fundamental rule of construction, to which all other rules are subordinate, is that the court shall, by all aids available, ascertain and give effect, unless it is in conflict with constitutional provisions, or is inconsistent with the organic law of the state, to the intention or purpose of the legislature as expressed in the statute." 82 C.J.S. Statutes § 321; 50 Am.Jur., Statutes, Sec. 223; City of Emmetsburg v. Gunn, 249 Iowa 297, 86 N.W.2d 829. In Jefferson County Farm Bureau v. Sherman, 208 Iowa 614, 226 N.W. 182, 184, we said: "It is a familiar and well-recognized rule that when a statute is clear, plain, and unambiguous there is no room for construction. * * * It is also a well-recognized rule of construction that the legislative intention is to be deduced from the language used, and the language is to be construed according to its plain and ordinary meaning."
In Section 698.1 providing punishment for the crime of rape certain penalties are set out and it is then further provided that "the court may pronounce sentence for a lesser period than the maximum, the provisions of the indeterminate sentence law to the contrary notwithstanding." A similar provision appears in section 698.4 relating to assault with intent to commit rape. The same specific provision does not appear in Section 204.22 which, so far as material to this case, is: "Any person violating any provision of this chapter, except as otherwise provided, shall upon conviction * * * be fined not more than two thousand dollars and be imprisoned in the state penitentiary not less than ten or more than twenty years.
*113 * * * 4. For violation of the provisions of this chapter the imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment herein provided for the offense shall have been served." (Emphasis supplied.) We cannot ignore the provision of subsection 4 that probation and parole shall not be granted until the minimum imprisonment herein provided for the offense shall have been served. We are concerned at this point however with the words "minimum imprisonment herein provided for the offense". How could anything be plainer than that the legislature intended, in this statute, to provide for a minimum as well as a maximum sentence for this particular offense, the indeterminate sentence law to the contrary notwithstanding. It is a well-established principle that penal statutes must be strictly construed and doubts, if any, resolved in favor of the defendant. Lever Brothers Company v. Erbe, 249 Iowa 454, 87 N.W.2d 469; State v. Di Paglia, 247 Iowa 79, 90, 71 N.W.2d 601, 607, 49 A.L.R.2d 1223.
It is our duty to give to statutes the interpretation their language calls for and not to speculate as to the probable intent of the legislature apart from the wording used. Lever Brothers Company v. Erbe, supra.
It is quite obvious this recent enactment was intended to establish a minimum sentence, the provisions of the indeterminate sentence law to the contrary notwithstanding. The trial court had authority to and did impose the minimum sentence of ten years and the records at the penitentiary should reflect the action of that court when it conforms with the law. Cave, Keener v. Haynes, 221 Iowa 1207, 268 N.W. 39.
Section 204.22 of the Code of 1950 was repealed in 1953 by the Fifty-fifth General Assembly and the section in its present form was enacted. Before repeal the material part of the section read, "and for any subsequent offense, (after the first) by a fine not exceeding two thousand dollars, or by imprisonment in the state penitentiary not exceeding ten years, or by both such fine and imprisonment." (Emphasis supplied.) Subsection 4 of Section 204.22 was a new enactment (55th G. A.). It changed the imprisonment portion from a sentence of not exceeding ten years to a term of "not less than ten or more than twenty years." It seems incredible that the legislature in its wisdom, having in mind the indeterminate sentence law, section 789.13, and having used in the repealed statute the words "not exceeding ten years" would in the new statute change to the provision "not less than ten or more than twenty years" unless it had definitely intended to provide a minimum sentence of ten years. Had it intended the indeterminate sentence statute to apply surely it would have said "not exceeding twenty years."
We hold the trial court was not in error in imposing imprisonment for a term of ten years.
II. Appellants further contend that sections 246.38, 246.39 and 246.43 do not apply in this case. They are the so called "good time" statutes.
Section 246.38 is in part "Time to be served. No convict shall be discharged from the penitentiary * * * until he has served the full term for which he was sentenced, less good time earned and not forfeited, unless he be pardoned or otherwise legally released." Appellee insists this section applies in his case and that under it he may be required to serve "the full term for which he was sentenced, less good time earned and not forfeited." There is no forfeiture indicated in the record. If he is correct, as the trial court *114 held, his imprisonment should end on January 27, 1960. Appellants maintain sections 246.39 and 246.43 do not apply to convictions under chapter 204 of the 1954 code, I.C.A.
Section 246.39 "Reduction of sentence. Each prisoner who shall have no infraction of the rules of discipline of the penitentiary * * * recorded against him, and who performs in a faithful manner the duties assigned to him, shall be entitled to a reduction of sentence as follows, * * * 1. On the first year, one month. 2. On the second year, two months. 3. On the third year, three months. 4. On the fourth year, four months. 5. On the fifth year, five months. 6. On each year subsequent to the fifth year, six months."
Section 246.43 "Special reduction. Any prisoner in either of said institutions who may be employed in any service outside the walls of the institution, or who may be listed as a trusty, may, with the approval of the board of control, be granted a special reduction of sentence, in addition to the reduction heretofore authorized, at the rate of ten days for each month so served."
It appears to this court that according to the plain and unambiguous language of these sections they apply to convictions under the Uniform Narcotic Drug Act, Chapter 204, Code of 1954, I.C.A.
It is true, as indicated, section 204.22, subd. 4 provides that "probation or parole shall not be granted until the minimum imprisonment * * * shall have been served," but there is no prohibition against giving credit for "good time".
Had the legislature intended such credit should not be given, it would no doubt have so stated.
It is expressly provided that, for a third or subsequent offense, imprisonment shall be not less than ten or more than twenty years and that probation or parole shall not be granted until the minimum imprisonment for the offense shall have been served. Had it been the legislative intent that "good time" should not be allowed the law makers surely would have said so. These sections cannot be repealed by implication. The plaintiff is entitled to the benefit of these statutes which were enacted in the interests of better discipline and in support of the efforts to reform the inmates of the institution and improve their chances of becoming good citizens. Such statutes no doubt have done incalculable good in making the prisoners responsive to all efforts to rehabilitate them.
III. Defendants place reliance upon that part of Section 204.22, subd. 4 which states, "the imposition or execution of sentence shall not be suspended * * * until the minimum imprisonment herein provided for the offense shall have been served." The imposition was not suspendedthe plaintiff has served over four years of his term.
It is perhaps more difficult to say what "execution" means as it is used here. It has been said "the adjudication'is a conviction, and the commitment in consequence thereof is execution.'" Ex parte Shull, 221 Mo. 623, 121 S.W. 10, 11, citing Church on Habeas Corpus (2d Ed.) Sec. 308; In re Kearney, 7 Wheat. 38, 20 U.S. 38, 5 L.Ed. 391. "`Execution' the act or process of carrying out in accordance with a plan, a purpose, or an order." Kriebel v. United States, 7 Cir., 10 F.2d 762, 764; 15A Words & Phrases, Execution, p. 261.
We assume it is defendants' position that "execution" as used in this statute means serving the full term of the sentence with no credit for good time and no parole or probation until after ten years of actual imprisonment. We agree that probation and parole are specifically precluded "until the minimum imprisonment herein provided for the offense shall have been served." *115 We hold, however, that execution of the sentence imposed is subject to the provisions of the "good time" statutes, sections 246.38, 246.39 and 246.43.
The trial court gave the plaintiff credit for all the good time earned under section 246.39 and the special reduction authorized by section 246.43.
This is a mandamus action triable in equity and is reviewable here de novo. Section 661.3. Rule 334 of Rules of Civil Procedure, 58 I.C.A. "In equity, it is the general rule that an appeal brings up the whole case, and that the appellate court passes on the record as to the facts as well as to the law, determining the equitable principles applicable, * * *. The correctness of the decree appealed from will be determined from the record as presented by the appeal, * * *. The appellate court in an equity case is required to read all the evidence produced, and give consideration to all facts and circumstances in evidence, as shown by the record." 5 C.J.S. Appeal and Error § 1462, p. 647.
The case was tried below on the questions of law involved. The fact questions appear not to have been in dispute. The trial court at least seemed to have no trouble resolving the fact questions in favor of the plaintiff. We hold the plaintiff is entitled to the construction of the "good time" statutes for which he contends. From our examination of the record, however, we are unable to say to what extent the plaintiff brought himself within these statutes. In other words, while the parties and the trial court seem to have proceeded on the theory that plaintiff was entitled to the relief prayed for if sections 246.38 and 246.43 apply to chapter 204 of the Code, we are unable to determine such question from the record before us. We therefore remand the case to the trial court and direct that a writ of mandamus issue to the defendants requiring them to correct the proper records so as to allow the plaintiff such relief under the "good time" statutes, as under the facts as they exist, he is entitled to.
Modified, affirmed and remanded.
All Justices concur.