## 42049. FLEMING v. THE STATE.

DEEN, Judge. 1. When this case was here before (*Fleming v. State*, 113 Ga. App. 113 (147 SE2d 480)) this court held that the defendant's right to be present when sentence is imposed includes all material portions thereof, and that an attack on a sentence because not imposed on the defendant in his presence was good cause for setting the sentence aside. In accordance with this court's direction, after the remittitur was received by the trial court, sentence was again imposed, this time in his presence, and the defendant now contends that the provision thereof that it shall be served consecutively to another sentence previously imposed is void because at the time of the original sentencing the judge did not include such provision in his oral pronouncement made in the defendant's presence. "Oral declarations of the judge constitute no part of the sentence until they have been put in writing and duly entered as such. *Freeman v. Brown*, 115 Ga. 23 (41 SE 385); *Alexander v. Chipstead*, 152 Ga. 851 (111 SE 552); *Foy v. McCrary*, 157 Ga. 461 (121 SE 804); *Conley v. Pope*, 161 Ga. 462 (131 SE 168); *Morgan v. Mount*, 195 Ga. 281 (24 SE2d 17)." *Long v. Stanley*, 200 Ga. 239, 241 (36 SE2d 785). Indubitably, the original sentence having been set aside at the defendant's instance, and the new sentence being in accordance with law, he can neither complain that he has been sentenced anew nor can he rely upon oral declarations of the trial court made prior to the signing of the original sentence by the court.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED JUNE 8, 1966—DECIDED JUNE 22, 1966.

*Lewis & Javetz, Emanuel Lewis,* for appellant.