**STATE of Iowa, Petitioner,**

v.

**Honorable Leo OXBERGER, Iowa District Judge, Respondent.**

**Nos. 2–57720, 2–58480.**

Supreme Court of Iowa.

June 29, 1977.

Richard C. Turner, Atty. Gen., and Ray Sullins, Asst. Atty. Gen., for petitioner.

Dan L. Johnston, Des Moines, for respondent.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

These original certiorari proceedings involve the legality of four orders by respondent, Honorable Leo Oxberger, Iowa District Judge, granting probation in two criminal cases in Polk County and subsequently discharging the probationer from probation.

Previous to the two criminal cases involved here, Ray McGee had been an informer for the State and a State's witness. In the first criminal case, the Polk County grand jury indicted McGee with possession of heroin. A petit jury found him guilty, and on November 16, 1970, the district court, Crouch, J., sentenced him to the penitentiary "for a term not to exceed five (5) years as provided for in Section 204.20 of the 1966 Code of Iowa and the Iowa Indeterminate Sentence Law." McGee served notice of appeal and posted bond.

In the second criminal case, the Polk County Attorney charged McGee with selling heroin in another incident. McGee pleaded guilty, and on February 24, 1971, the district court, Oxberger, J., sentenced him to the penitentiary "for a term not to exceed five (5) years as provided for in Section 204.20 of the 1971 Code of Iowa and the Indeterminate Sentence Law," to run concurrently with the other sentence. McGee again served notice of appeal and posted bond.

Within two months after the second conviction, McGee's then attorney proposed to the county attorney that McGee become an informer and drop his appeals. Several meetings were held to discuss the proposal, attended by the county attorney, McGee's attorney, and officers of the Des Moines police department. As a result, McGee did not go through with his appeals, and in 1973 we dismissed them for want of prosecution. According to the county attorney, McGee also acted as an informer for a considerable time. The county attorney stated he believed that McGee satisfactorily performed a period of unofficial "probation."

McGee's attorney then asked the county attorney whether McGee could obtain favorable consideration on account of his help in the other cases. The county attorney desired to keep McGee's two convictions intact, in the event McGee later became involved in further crime (which, incidentally, he did). But the county attorney was willing to recommend to the court that McGee have probation on the two sentences and that McGee be released from probation. McGee's attorney agreed.

Accordingly, the county attorney delegated the matter to an assistant county attorney, but the latter understood that McGee was simply to receive probation. The assistant county attorney explained the facts to the court, Oxberger, J. Judge Oxberger was willing to grant probation in the two cases, providing in the first case, in which Judge Crouch presided, that Judge Crouch approved. Judge Crouch did approve by placing his initials on the probation order. Thereupon Judge Oxberger, on July 11, 1974, placed McGee on probation to the Bureau of Adult Corrections Services in the two criminal cases. The record does not show that McGee reported to the bureau to commence probation.

The county attorney learned that the orders granting probation did not contain a discharge from probation in accordance with his agreement with McGee's attorney. He thereupon explained the matter to Judge Oxberger, who on September 23, 1974, discharged McGee from probation in the two cases.

On October 22 and 23, respectively, 1974, the Attorney General for the State petitioned this court for writs of certiorari challenging the legality of the orders by Judge Oxberger granting McGee probation and discharging him from probation in the two criminal cases. We granted writs, and the parties have now presented the causes to us. Petitioner filed for the writs of certiorari within 30 days from the last order in the series of orders involved. See rule 319, Rules of Civil Procedure.

The parties argue a number of issues, but our decision on an ultimate question is dispositive.

I. The county attorney and defense counsel did in fact make the arrangement for probation and did carry it out. Respondent learned about it after it was a fait accompli. Respondent, with the concurrence of the judge in the first criminal case, then officially granted McGee what he unofficially theretofore enjoyed—probation—and subsequently discharged McGee from

probation. Our only question in these present proceedings is whether respondent in so doing acted illegally or exceeded his jurisdiction. Rule 306, R.C.P.

At this juncture another problem enters the cases, involving the original sentences. Each was "for a term not to exceed five (5) years as provided for in Section 204.20 of the 1966 [and 1971] Code of Iowa and the Iowa Indeterminate Sentence Law." Section 204.20, however, required sentences for specific periods of time, not indeterminate ones, and these sentences are void. *State v. Wiese,* 201 N.W.2d 734 (Iowa); *Masteller v. Iowa State Board of Control,* 251 Iowa 234, 100 N.W.2d 111. The grants and discharges from probation are therefore also void.

Hence the writs must be sustained. On remand, McGee may be re-sentenced in the two criminal cases by proceedings in accordance with *State v. Wiese,* supra. See *Watson v. Charlton,* 243 Iowa 80, 50 N.W.2d 605.

II. By so holding, we do not in any way intimate approval of the action of the county attorney and defense counsel in not seeking probation orders initially by the regular procedure in court. Cf. *State v. O'Kelly,* 211 N.W.2d 589, 595–596 (Iowa). We also call attention to § 204.20(4), Code 1971.

WRITS SUSTAINED, CAUSES REMANDED.