Elmer CARTEE, Jr., Appellant,

v.

Lou V. BREWER et al., Appellee.

James HUGHES, Jr., Appellant,

v.

Roland McCAULEY et al., Appellee.

Nos. 61656, 61701.

Supreme Court of Iowa.

May 17, 1978.

John P. Roehrick and John C. Wellman, Des Moines, for appellants.

Richard C. Turner, Atty. Gen., Ray Sullins, Asst. Atty. Gen., and Dan Johnston, County Atty., for appellee.

HARRIS, Justice.

In separate postconviction suits each petitioner contended § 801.5(3), The Code, supplement 1977, provides they are entitled to be sentenced anew upon their prior criminal convictions. In separate rulings filed in each action the trial courts rejected this contention. Upon petitioners' consolidated appeals we affirm.

On December 12, 1968 petitioner Cartee was convicted of second-degree murder in violation of § 690.3, The Code, 1966. He was thereupon sentenced to an indeterminate term of not to exceed 40 years. His conviction was affirmed in a prior appeal to us. *State v. Cartee*, 202 N.W.2d 93 (Iowa 1972).

On March 18, 1977 petitioner Hughes was sentenced to an indeterminate term of not to exceed five years for shoplifting in excess of $20 in violation of § 709.1 and § 709.2, The Code, 1977.

Under the new criminal code, which became effective January 1, 1978, second-degree murder carries a maximum sentence of 25 years. § 707.3 and § 902.9, The Code, supplement 1977. Under the new criminal code shoplifting is theft. § 714.1, The Code, supplement 1977. Where the value is between $50 and $100 theft is a serious misdemeanor. § 714.2(4), The Code, supplement 1977. Punishment for a serious misdemeanor is imprisonment not to exceed one year, or a fine not to exceed $1000, or both. § 903.1(2), The Code, supplement 1977.

Hence both petitioners would face substantially shorter sentences if they were to be punished under the new criminal code rather than under the provisions under which they were sentenced. The sole question in this appeal is their contention they are entitled to be sentenced anew under the lesser sentences now provided for their offenses.

I. A general revision of our criminal code became effective January 1, 1978. The Code, supplement 1977. In § 801.5, The Code, supplement 1977, the legislature addressed the question of applicability of the revision to offenses committed before its effective date. Section 801.5 provides in material part:

"1. Except as provided in subsections 2 and 3 of this section, this Act does not apply to offenses committed before its effective date. Prosecutions for offenses committed before the effective date are governed by the prior law, which is continued in effect for that purpose, as if this Act were not in force. For purposes of this section, an offense is committed before the effective date if any of the elements of the offense occurred before that date.

"2. * * * [Provides for cases pending on or commenced after January 1, 1978 involving offenses committed prior to that date.]

"3. Provisions of this Act governing the release or discharge of prisoners, probationers, and parolees shall apply to persons under sentence for offenses committed before the effective date of this Act, except that the minimum or maximum period of their detention or supervision shall in no case be increased, nor shall the provisions of this Act affect the substantive or procedural validity of any judgment of conviction entered before the effective date of this Act, regardless of the fact that appeal time has not run or that an appeal is pending."

The question narrows to whether the language "provisions of this Act governing the release or discharge of prisoners", includes postconviction petitioners serving sentences imposed prior to the effective date of the Act. In urging they are so included petitioners argue § 246.38, The Code, provides a prisoner's discharge date is to be determined by the maximum time he is sentenced to serve. It is suggested the length of sentence helps determine discharge date and hence is "a provision governing discharge" under § 801.5(3).

Upon consideration we adopt the views expressed by the trial court in Webster District Court in its ruling:

"The length and complexity of the phrase, 'Provisions of this Act governing the release or discharge of prisoners, probationers, and parolees shall apply to persons under sentence for offenses committed before the effective date of this Act', invites the reader to concentrate on particular portions of the phrase and distracts the reader from its overall import. However, when the phrase is condensed to its essential operative language, its thrust is clear. Basically, the phrase applies to 'the release or discharge of * * * persons under sentence.' The phrase contemplates that the person to be released or discharged is under a valid sentence, of whatever length, and merely makes the new Code's procedures for release or discharge applicable to that person. (For these procedures, see generally Iowa Code [1977 Supplement], Chapters 901–909, and in particular Chapter 906 and §§ 902.2, 902.6, 902.7, 902.8, 903.3, 907.9, and 907.10.)

"The procedural thrust of the disputed phrase is supported by the remainder of § 801.5(3). There is no language in the section that would permit an inference that it was intended to affect the substance of a previously-rendered judgment and sentence. On the contrary the section specifically states that nothing in the new code shall 'affect the substantive or procedural validity of any judgment of conviction entered before the effective date of this Act.'

"Thus, in the face of the obvious procedural thrust of the plain language of § 801.5(3), the Court would not be justified in going outside the statute and stretching it to give it the substantive gloss urged by Petitioner. Under the plain language of § 801.5(3) itself, Petitioner's argument that his sentence must be changed to conform to the new Code cannot stand. To do so would clearly be contrary to legislative intent."

Additional support for the trial court's interpretation is to be found in the general savings clauses of the Code. §§ 4.1(1) and 4.13(4). Section 4.1(1) provides: "The repeal of a statute, after it becomes effective, does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed." Section 4.13(4) provides in material part:

"The reenactment, revision, amendment, or repeal of a statute does not affect:

" * * *

"(4) Any investigation, proceeding, or remedy in respect of any privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

"If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended."

Petitioners contend § 801.5 is a savings clause, more specific than, and therefore to be accorded precedence over, the more general ones to be found in chapter four. However we do not perceive a conflict between the provisions of § 801.5 and the general savings provisions of chapter four. It is our responsibility, where possible, to give effect to both statutes. § 4.7, The Code. The provisions do not come in conflict because § 801.5(3) refers only to matters relating to parole, probation, and release of persons previously convicted.

We hold § 801.5(3) does not apply to the length of sentences imposed prior to January 1, 1978. We are convinced the legislature would have expressly provided for petitioners' interpretation had it so intended. The failure of the legislature to do so convinces us it meant no such interpretation. *Horstman v. State*, 210 N.W.2d 427, 429 (Iowa 1973).

The foregoing is dispositive. It is not necessary for us to resolve the petitioners' contention the disputed new provision is procedural rather than substantive because we would reach the same interpretation in either event. Neither is it necessary for us to consider the respondents' contention petitioners' interpretation would be an unconstitutional encroachment by one branch of government into the power of another branch. That contention becomes moot upon our rejection of the petitioners' interpretation of the statute.

AFFIRMED.

All Justices concur except McCORMICK, J., who takes no part.