**STATE of Iowa, Appellee,**

v.

**Keith Alan BOUSMAN, Appellant.**

**No. 61692.**

Supreme Court of Iowa.

March 21, 1979.

John J. Wolfe, Clinton, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., G. Wylie Pillers, III, Clinton County Atty., and Mervin D. Woodin, Asst. Clinton County Atty., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

ALLBEE, Justice.

This is an appeal by Keith Alan Bousman from his conviction for assault with intent to inflict great bodily injury, a violation of § 694.6, The Code 1977. He complains that trial court erred in instructing the jury. Because there is no merit to his contention, we affirm.

The prosecution arose out of an incident which occurred in Elvira, Iowa on October 28, 1977. Defendant and his brother engaged four other men in a verbal exchange which escalated into physical confrontation

and climaxed when defendant struck Brian Buech on the head with a club.

Trial commenced on January 30, 1978, after the new criminal code had taken effect on January 1. The new code provisions defining assault are different from those of the prior statute. *Compare* chapter 694, The Code 1977 *with* chapter 708, Code Supp. 1977. The difference which is of importance to defendant is that whereas the phrase "great bodily injury" under prior law was somewhat nebulous, *see State v. Moon,* 241 Iowa 1232, 1235, 44 N.W.2d 739, 740 (1950), the roughly analogous term in the new code, "serious injury," has been defined with some precision. *See* § 702.18, Code Supp.1977. It is this change upon which defendant focuses his attention.

■ The State would have us refuse to rule on defendant's contention, however, arguing that he has failed to preserve any error. While acknowledging that defendant objected to the instruction defining great bodily injury and requested an instruction adopting the serious injury definition of § 702.18, Code Supp.1977, it insists that *State v. Sallis,* 262 N.W.2d 240, 248 (Iowa 1978), requires that defendant also except to trial court's ruling. This reading of *Sallis* is incorrect. The reference in that case to exceptions was as an alternative to objections; the two words were treated as synonymous. Iowa R.Civ.P. 196 governs instructions to the jury both under the new criminal code, Iowa R.Crim.P. 18(5)(f), and under prior law. Section 780.35, The Code 1977. Rule 196 requires that objections be made to the giving of an instruction or the refusal to give a requested instruction. Exceptions to rulings on those objections are not required. The merits of defendant's contention must be considered.

That contention is that because this was a case pending on the effective date of the new criminal code, § 801.5(2)(a)[1] acts to give defendant the benefit of the new legislative definition of "serious injury" in his prosecution under § 694.6, The Code 1977. He proposes two rationales to support this conclusion.

The first is that the definition of "serious injury" in § 702.18, Code Supp.1977, is "a more precise statement of what 'great bodily injury' is." The argument then proceeds on the basis that when the law governing a case is expressed in a statute, the court should use the language of the statute.

■ The desired definition was not the law of this state at the time of the offense in question. *See* § 801.5(1), Code Supp. 1977. ("[T]his Act does not apply to offenses committed before its effective date." The exceptions enumerated do not apply here.). The language chosen by trial court was based on this court's opinion in *State v. Moon,* 241 Iowa 1232, 1235, 44 N.W.2d 739, 740 (1950). It was an accurate statement of the applicable law. Such is all that is required. *See State v. Speck,* 242 N.W.2d 287, 294 (Iowa 1976).

■ Defendant's alternative rationale for use of the definition from the new statute is that the two phrases, "serious injury" and "great bodily injury," may not encompass the same conduct. Thus, according to this argument, some conduct which would have amounted to an assault with intent to inflict bodily injury might, under the new code, be classified as a simple assault. The result of this reclassification would be the creation of a defense under § 801.5(2)(a), Code Supp.1977. This argument is founded on that section's reference to "a defense . . . based upon the failure of [the new criminal code] to define an applicable offense . . . ."

But consideration of the quoted language reveals the weakness of the argument.

1. **801.5 APPLICABILITY TO OFFENSES COMMITTED BEFORE THE EFFECTIVE DATE.**

. . . .

2. In any case pending on or commenced after the effective date of this Act, involving an offense committed before that date:

a. Upon the request of the defendant a defense or mitigation under this Act, whether specifically provided for herein or based upon the failure of the Act to define an applicable offense, shall apply; . . .

. . . .

That language contemplates the situation in which conduct, forbidden as criminal under prior law, is no longer proscribed. In the situation present here the new code has defined an "applicable offense." The conduct which the jury found that defendant committed remains forbidden under the new statute.

Trial court's instruction defining great bodily injury was proper.

AFFIRMED.