**STATE of Iowa, Appellee,**

v.

**Keith Alan BOUSMAN, Appellant.**

**No. 61691.**

Supreme Court of Iowa.

April 25, 1979.

John J. Wolfe, Jr., Clinton County Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Faison T. Sessoms, Jr. and J. Susan Allender, Asst. Attys. Gen., G. Wylie Pillers, III, Clinton County Atty., and Mervin D. Woodin, Asst. Clinton County Atty., for appellee.

Considered by REES, P. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

Keith Alan Bousman was convicted of resisting execution of process, a violation of section 742.1, The Code 1977. That conviction was based on his attempt to flee after officers of the Clinton Police Department had executed a warrant for his arrest.

Bousman had been charged with assault with intent to inflict great bodily injury after a fight in Elvira, Iowa, on October 26, 1977.[1] On November 2, Sergeant Charles Witt of the Clinton police recognized Bousman as being the driver of an automobile proceeding south on North Fourth Street in Clinton. Witt caused Bousman to stop and, with the assistance of two backup officers, took Bousman to the Law Center in Clinton. While the officers were attending to paperwork which accompanied Bousman's arrest, and after his handcuffs had been removed, Bousman "broke down the hallway at a full gallop." The officers overtook him outside the Law Center, only a few steps from the main doors to that facility. Bousman was not armed, and his actions did not result in any injuries.

Trial was begun on January 3, 1978, after the effective date of the new criminal code, and Bousman was sentenced on January 12. He now makes two complaints, both of which are directed to trial court's refusal to sentence him according to the provisions of the new criminal code, section 719.1, Code Supp.1977. The court sentenced Bousman to one year in the county jail, as permitted by section 742.1, The Code 1977, whereas under sections 719.1 and 903.1(3), Code Supp.1977, because Bousman was not armed and did not inflict or attempt to inflict any injury, the maximum penalty would be thirty days or a fine not exceeding one hundred dollars.

I. The first argument which Bousman makes is that section 4.13, The Code, required trial court to sentence him under the new criminal code because it reduced the penalty.[2] The pertinent language of section 4.13 is that of the final paragraph:

If the penalty, forfeiture, or punishment for any offense is reduced by a re-enactment, revision, or amendment of a statute, the penalty, forfeiture, or pun-

ishment if not already imposed shall be imposed according to the statute as amended.

The language of this section leaves no discretion in the trial court. The similar language of Mo.Ann.Stat. section 1.160(2) (Vernon) has been construed by that state's highest court to require sentencing under the new statute in situations such as Bousman's. *See, e. g., State v. Hawkins*, 482 S.W.2d 477, 479 (Mo.1972).

The new criminal code itself, however, contains provisions detailing its application to crimes committed before its effective date. Relevant here are certain portions of section 801.5, Code Supp.1977:

1. Except as provided in subsections 2 and 3 of this section, this Act does not apply to of[f]enses committed before its effective date. Prosecutions for offenses committed before the effective date are governed by the prior law, which is continued in effect for that purpose, as if this Act were not in force. For purposes of this section, an offense is committed before the effective date if any of the elements of the offense occurred before that date.

2. In any case pending on or commenced after the effective date of this Act, involving an offense committed before that date:

a. . . .

b. Upon the request of the defendant and the approval of the court:

(1) . . .

(2) The court may impose a sentence or suspended imposition of a sentence under the provisions of this Act applicable to the offense and the offender.

Section 801.5(2)(b) contemplates that two requirements should be met before a trial court may sentence an offender under the new code in a situation such as the present.

---

1. The conviction on this charge was affirmed by this court in *State v. Bousman*, 276 N.W.2d 421 (Iowa 1979).

2. A contention similar to the first one which Bousman makes arose in *State v. Wiese*, 201 N.W.2d 734, 737 (Iowa 1972), a case governed by the Uniform Controlled Substances Act, ch.

204, The Code. The savings clause considered there, however, was substantially different from that under consideration in the instant case. Therefore, because this case presents a question of statutory construction, *Wiese* does not control.

First, the defendant must request such sentencing. Second, the trial court must approve that request. Thus, the procedure of section 4.13, which leaves no discretion in the trial judge, is in conflict with section 801.5(2)(b)(2), which leaves the matter entirely to trial court discretion.[3]

■ When a conflict such as has appeared here occurs, a specific statute governs over a general one. *State v. Thompson*, 253 N.W.2d 608, 609 (Iowa 1977). The final paragraph of section 4.13 can, by its own language, have application in non-criminal as well as criminal contexts and is, consequently, a general statute. Thus, the more specific statute, section 801.5(2)(b)(2), controls this case.

As noted above, a defendant's request to be sentenced under the new criminal code must be approved by the trial court. Because trial court denied such approval in this case, Bousman had no statutory right to be so sentenced.

II. Bousman's second complaint is that the sentence of one year in the county jail is cruel and unusual punishment. He makes this complaint in light of the fact that the legislature has determined, in the new criminal code, that 30 days is appropriate punishment for acts such as the one on which Bousman's conviction is based. His argument is that the punishment is disproportionate to the crime and that the penalty imposed has been shown to be unacceptable to society because the legislature has substantially decreased the punitive measures. Of course, the Supreme Court "has never found a sentence imposed in a criminal case violative of the Eighth Amendment merely because of its length." *Carmona v. Ward*, 576 F.2d 405, 408 (2d Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 874, 59 L.Ed.2d 58 (1979). We nevertheless consider Bous-

man's contention on the assumption that this argument might have merit in some extraordinary instance.

■■ The test for whether a penalty is disproportionate and thus excessive was restated in *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2865, 53 L.Ed.2d 982, 989 (1977).

[A] punishment is "excessive" and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. A punishment might fail the test on either ground.

Bousman appears to complain only on the basis of the second ground. Our judgment on this ground is to be made, to the extent possible, on the basis of objective factors. *Id.* One of the objective factors considered and most heavily relied upon in *Coker* was the attitudes of state legislatures in selecting a penalty for a particular crime. Thus, the subsequent action of the Iowa Legislature in decreasing the penalty for the act involved here is relevant. But its weight is considerably decreased by the fact that that same legislature provided the means used by trial court in this case to select the prior, more severe, punishment. The existence of section 801.5(2)(b)(2), Code Supp.1977, demonstrates that the legislature did not necessarily reject prior penalties as excessively harsh.

Further, we have examined the statutory provisions of other states which make acts such as Bousman's criminal. That search has revealed that the penalty imposed by trial court is consistent with the potential penalties for the same act in other states.[4]

---

3. The holding in *Cartee v. Brewer*, 265 N.W.2d 730, 733 (Iowa 1978), is not to the contrary. That case dealt with a substantially different question and considered a different subsection of the new criminal code, section 801.5(*3*), Code Supp.1977.

4. The following are the maximum penalties in each of the states proscribing such conduct:

Ala.Code tit. 13, § 13–5–4 ($50 to $1000 and six months in county jail or at hard labor).

Ariz.Rev.Stat. § 13–2502, § 13–701(B)(5) (one and one-half years).

Ark.Stat.Ann. § 41–2812, § 41–901(2)(a) (one year).

Cal.Penal Code § 148 (West) ($1000 or one year, or both).

The legislatures of a substantial number of states have determined that the punishment rendered here is not grossly out of proportion. to the severity of the crime. Deference to that collective judgment is appropriate. *See Carmona v. Ward,* 576 F.2d at 409–10; *Carmona v. Ward,* —— U.S. ——, ——, 99 S.Ct. 874, 881, 59 L.Ed.2d 58, 63 (1979) (Marshall, J., dissenting from denial of petition for writ of certiorari). Under the *Coker* test, the punishment here is not cruel or unusual.

Finding no error in the sentence imposed, we affirm.

AFFIRMED.

Colo.Rev.Stat. § 18–8–208(3), § 18–1–104 (one year or $2000 minimum to ten years or $30,000).

Conn.Gen.Stat.Ann. § 53a–167a, § 53a–41(2), § 53a–35(b)(4) ($5000 or five years).

Del.Code tit. 11, § 1251, § 4206(a) (two years and fine).

Fla.Stat.Ann. § 843.02, § 775.082 or .083 (Harrison) (one year or $1000).

Ga.Code Ann. § 26–2505, § 27–2506 ($1000 or one year).

Idaho Code § 18–2505, § 18–115 (five years, $5000, or both).

Ill.Ann.Stat. ch. 38, § 31–1, § 1005–8–3, § 1005–9–1 (Smith-Hurd) (one year or $1000, or both).

Ind.Code Ann. § 35–44–3–3, § 35–50–3–1 (Burns) (one year or $5000, or both).

Kan.Crim.Code & Code of Crim.Proc. § 21–3809, § 21–4502 (Vernon) (one year).

Ky.Rev.Stat. § 520.030, § 532.060(2)(d) (one to five years).

La.Rev.Stat.Ann. § 14:108(b) ($500 or six months, or both).

Me.Rev.Stat. tit. 17–A, § 755(1), (4)(B), § 1252(1)(D) (less than one year).

Mich.Comp.Laws Ann. § 750.479 (two years or $1000).

Minn.Stat.Ann. § 609.50(2) (West) (90 days or $300).

Miss.Code Ann. § 97–9–75, § 99–19–31 ($500 and six months or either).

Mo.Ann.Stat. § 575.200, § 558.011, .016 (Vernon) (one year or $1000).

Model Penal Code § 242.6(4), § 6.06(3) (minimum of one to maximum of five years).

Mont.Rev.Codes Ann. § 45–7–302 ($500 or six months, or both).

Neb.Rev.Stat. § 28–729 ($100 or three months).

N.H.Rev.Stat.Ann. § 642:6, § 651:2 (one year or $1000, or both).

N.M.Stat.Ann. § 30–22–1, § 31–19–1(B) (six months or $100, or both).

N.Y.Penal Law § 205.30, § 70.15(1) (McKinney) (one year).

N.C.Gen.Stat. § 14–223 ($500 or six months, or both).

Ohio Rev.Code Ann. § 2921.31, § 2929.21 (90 days or $750, or both).

Okla.Stat.Ann. tit. 21, § 540, § 10 ($500 or one year, or both).

R.I.Gen.Laws § 11–32–1 (one year or $500).

S.C.Code § 16–5–50 ($50 to $1000, or three months to one year, or both).

Tex.Penal Code Ann. tit. 8, § 38.07, § 12.21 (Vernon) ($2000 or one year, or both).

Utah Code Ann. § 76–8–301, 76–3–204(2) (six months).

Vt.Stat.Ann. tit. 13, § 1501(a)(2) (two years or $1000, or both).

V.I.Code Ann. tit. 14, § 661(2) ($500 or one year, or both).

Va.Code § 18.2–479, 18.2–11(b) (six months, $500, either or both).

Wash.Rev.Code Ann. § 9A.76.020(3), § 9A.20.020(3) (90 days or $500, or both).

W.Va.Code § 61–5–17 ($50 to $500 and, in court's discretion, one year).

Wis.Stat.Ann. § 946.41(1), § 946.42(1)(a) or (b), § 939.51(3)(a) ($10,000 or nine months, or both).

Wyo.Stat. § 6–8–602 ($1000 or one year).