# IN THE COURT OF APPEALS OF IOWA

No. 19-0492
Filed March 18, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MONICA FAGAN,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

A defendant appeals her sentence for robbery in the first degree seeking application of an ameliorative sentencing provision. **CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Monica Fagan asks to be resentenced based on new legislation. Given the plain language of that enactment, we agree the district court should have another opportunity to consider her mandatory minimum sentence.

Fagan originally faced first-degree murder and first-degree robbery charges. She accepted a plea offer from the State—admitting guilt on charges of willful injury causing serious injury, in violation of Iowa Code section 708.4(1) (2017), and robbery in the first degree, in violation of Iowa Code sections 711.1 and 711.2. Fagan entered her plea in January 2019. At the February sentencing hearing, the district court imposed a term of twenty-five years in prison with a 70% mandatory minimum.

At the time of Fagan's sentencing, the applicable statute declared a person convicted of first-degree robbery—among other offenses—"shall be denied parole or work release unless the person has served at least seven-tenths of the maximum term of the person's sentence." Iowa Code § 902.12(1)(e).

Several months later, the Iowa General Assembly enacted Senate File 589, an omnibus criminal bill, which took effect July 1, 2019. The bill amended section 902.12 to include the following mandatory-minimum provision:

> A person serving a sentence for a conviction for robbery in the first degree in violation of section 711.2 *for a conviction that occurs on or after July 1, 2018*, shall be denied parole or work release until the person has served between one-half and seven-tenths of the maximum term of the person's sentence as determined under section 901.11, subsection 2A.

2019 Iowa Acts ch. 140, § 8 (codified at Iowa Code § 902.12(2A)) (emphasis added).

The same act created another new subsection:

> At the time of sentencing, the court shall determine when a person convicted of robbery in the first degree as described in section 902.12, subsection 2A, shall first become eligible for parole or work release within the parameters specified in section 902.12, subsection 2A, based upon all pertinent information including the person's criminal record, a validated risk assessment, and the negative impact the offense has had on the victim or other persons.

2019 Iowa Acts ch. 140, § 6 (codified at Iowa Code § 902.11(2A)).

The new law bestowed discretion on the sentencing court that did not exist at the time of Fagan's hearing. Now the sentencing court must set a minimum term of incarceration between 50 to 70%, considering all the relevant factors. The amendment applies to Fagan's conviction which occurred after July 1, 2018.

On appeal from her guilty plea, Fagan argues the amendments entitle her to resentencing for the district court to determine her mandatory minimum term within that 50 to 70% range.[1] She asks us to vacate her sentence and remand for the district court to make that determination.[2]

In considering her request for relief, we note the unusual sequence here. The sentencing court committed no error. It followed the law at the time. Neither the prosecutor nor defense counsel committed error. And yet, because of the

---

[1] The same omnibus bill limits direct appeal from guilty pleas, but our supreme court determined that amendment did not apply to cases, like this, that were pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

[2] Fagan may challenge flaws in her sentencing hearing on direct appeal even without objecting in the district court. *See State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). We review her challenge for the correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We likewise review claims of statutory interpretation for legal error. *State v. Williams*, 910 N.W.2d 586, 589 (Iowa 2018).

retroactivity provision enacted by the legislature,[3] we agree Fagan should profit from the potentially ameliorative sentencing provision. *See Clayton v. Iowa Dist. Ct. for Scott County*, 907 N.W.2d 824, 828 (Iowa Ct. App. 2017) ("Sentencing is a legislative function. We afford broad deference to the legislature in setting the penalties for criminal conduct and in determining when the penalties are to go into effect.").

To interpret these revised sections, we look to the plain language and apply the statutes as written if they are unambiguous. *See State v. Wickes*, 910 N.W.2d 554, 571 (Iowa 2018). Without dispute, the unambiguous, plain language of these amendments allows a person convicted of first-degree robbery after July 1, 2018, to have the sentencing court determine the appropriate mandatory minimum between "one-half and seven-tenths of the maximum term of the person's sentence."

Indeed, the State concedes "the clear language of the above amendments" appears to apply to Fagan's case. But the State argues the appeal should be resolved on other principles. According to the State, "because the sentence

---

[3] This provision setting the effective date of July 1, 2018 is an outlier. The legislature also amended the penalty for first-degree arson, another felony with a mandatory minimum. That amendment also grants the sentencing court discretion to determine a minimum between 50 and 70%. *See* Iowa Acts ch. 140, § 39 (codified at Iowa Code § 902.12(4)). But the arson amendment applies to convictions that occur "on or after July 1, 2019." *Id.* Despite this difference, the State does not argue the 2018 reference was a scrivener's error. *See generally Monge v. Acabbo*, No. NNHCV146046516, 2016 WL 7135072, at *6 (Conn. Super. Ct. Nov. 1, 2016) ("Drafting mistakes undoubtedly occur in the legislative process as in every other field of writing, and although it plainly would be best in the usual course to allow the legislature to correct its own mistakes, . . . [t]here is no prohibition against judicial assistance in this regard, if the error is brought to the attention of a court in the context of a justiciable case or controversy."). So we do not entertain that notion.

imposed was pursuant to a negotiated plea agreement the amendments should not be automatically applied in Fagan's case." "[T]he record in this case reflects the State's intent that in exchange for taking the murder charge carrying a possible life sentence off the table it was expected that Fagan serve the maximum prison term for robbery before parole eligibility."

But the State offers no authority for the proposition that a negotiated plea agreement is sacrosanct in this kind of sentencing appeal. The district court was not bound by the plea agreement. During the plea colloquy, the court asked Fagan, "Do you . . . understand that the court is not bound by any plea agreements between you and the county attorney?" Fagan acknowledged she understood. The court then explained the various sentencing provisions relevant to her two convictions. And, when it imposed sentence, the court was without discretion to determine the mandatory minimum for the robbery conviction.

In her reply brief, Fagan asserts, in accepting the plea agreement, she did not "waive any right to future relief by the Iowa Legislature." We agree with that assertion. "An ameliorative change should be extended to every case in which it properly can apply." *State v. Wiese*, 201 N.W.2d 734, 737 (Iowa 1972) (extending benefit of ameliorative changes effective between dates of defendant's offense and sentencing). And as the State points out, we have given a defendant the benefit of an ameliorative sentencing statute following vacation of a flawed sentence and remand for resentencing. *See, e.g.*, *State v. Henderson*, No. 18-1426, 2019 WL 2872314, at *3 (Iowa Ct. App. July 3, 2019).

In this unusual circumstance, we believe Fagan may seek the benefit of the retroactive, ameliorative sentencing statute for her robbery conviction. To find

otherwise would negate the clear legislative intent to allow district courts to exercise discretion in imposing mandatory minimum terms for first-degree robbery convictions occurring on or after July 1, 2018.

We vacate the portion of the sentencing order setting a mandatory minimum of seventy percent and remand for the court to determine when Fagan will be eligible for parole or work release, consistent with Iowa Code section 902.11(2A) and .12(2A).

**CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**