**STATE of Iowa, Appellee,**

v.

**Ronald HOPP, Appellant.**

**No. 54402.**

Supreme Court of Iowa.

Oct. 13, 1971.

James L. Chipokas and John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and Michael Laughlin, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

Defendant was tried to a jury on a charge of wilfully failing to support his minor child in violation of section 233.-1(5), The Code (1966). He was sentenced to serve 30 days in the Linn County jail as provided in section 233.2 of the Code and he appeals from that judgment. We affirm the trial court.

Several years prior to the trial in question, defendant's paternity of the child here involved had been established in a suit brought for that purpose. He was ordered

to pay toward the support of the child, but failed to do so. The charge under section 233.1(5) resulted. On this appeal defendant raises the following issues upon which he relies for reversal:

(1) That the imposition of the jail sentence because of his inability to pay support constitutes an invidious discrimination based on wealth in violation of the equal protection clause of Amendment 14 to the United States Constitution;

(2) That the imposition of the jail sentence because of his inability to pay support constitutes imprisonment for a civil debt in violation of Article I, section 19, of the Iowa Constitution; and

(3) The sentence imposed by the court was void and beyond its jurisdiction because it was in excess of the statutory maximum for the offense involved.

█ I. We consider the first two assignments together. Defendant mistakenly argues he was sentenced to jail because of his *inability* to pay support for his minor child. However, the statute under which he was tried and convicted does not punish for inability to support; it punishes only for wilful refusal to do so. This is the offense of which the jury found him guilty, and defendant does not challenge this verdict.

None of the case authority cited by defendant is helpful to him here. All deal with factual situations in which a sentence of imprisonment was imposed upon a defendant because of his indigency. Williams v. Illinois, 399 U.S. 235, 240, 90 S.Ct. 2018, 26 L.Ed.2d 586, 592 (1970) and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L. Ed.2d 130, 133 (1971). As the Tate opinion points out, in each of these cases the defendant was "subjected to imprisonment solely because of his indigency." The same is true of In re Antazo, 3 Cal.2d 100, 89 Cal.Rptr. 255, 256, 473 P.2d 999, 1000 (1970), which defendant mistakenly claims supports his position.

As already pointed out, the statute under which defendant was sentenced makes no invidious distinction between rich and poor. All who *wilfully* fail to support their children are equally subject to its punitive provisions.

Defendant complains, too, because the trial court postponed commencement of his sentence for ten days to give him an opportunity to find employment. Only when he was unable to do so was he directed to submit to his punishment. He says this shows he was actually sentenced to jail because of inability, rather than wilful refusal, to support his child. There is no record to show what course the trial court intended to follow if defendant had found a job; but, whatever it was, it could not vitiate the jury verdict that his failure to support was wilful. This finding fully justifies the sentence under section 233.2 of the Code.

II. The additional error assigned for reversal deals with the imposition of sentence. When defendant appeared for sentencing, the court originally sentenced him to 60 days in the Linn County jail, 30 days of which was suspended. This was in excess of the statutory maximum of 30 days (plus a permissible $100 fine). On the same day the court discovered the error and corrected it by sentencing defendant to serve 30 days in the Linn County jail as provided in section 233.2 of the Code. Defendant says the effect of this was to suspend the *whole* sentence. He argues that the suspended 30 days was the valid sentence while the "hard" 30 days was the void part. We cannot accept this, ingenious as it may be.

█ The sentence as originally imposed was void and invalid in its entirety. We have held several times a sentence and judgment thereon in excess of that permitted by law is a nullity. This is true even if it is properly entered upon the judgment docket and even if part of the void sentence has already been served. We said this in State v. Shilinsky, 248 Iowa 596, 602, 603, 81 N.W.2d 444, 448–449 (1957),

which relies on Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818, 821. We reiterated it in State v. Edwards, 255 Iowa 446, 447, 123 N.W.2d 4 (1963) and State v. Taylor, 258 Iowa 94, 96, 137 N.W.2d 688, 689 (1965).

We find no reversible error and the trial court is accordingly affirmed.

Affirmed.

All Justices concur.