**STATE of Iowa, Appellee,**

v.

**Marc Allen SUCHANEK, Appellant.**

**No. 67715.**

Supreme Court of Iowa.

Nov. 24, 1982.

Gary Wolter and A. John Arenz of O'Connor, Thomas, Hammer, Bertsch & Norby, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., Joseph 'P. Weeg, Asst. Atty. Gen., and Michael S. McCauley, Dubuque County Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

This is an appeal by the defendant, Marc Allen Suchanek, from a sentence imposed to correct a previous sentence that had been set aside. The defendant claims that the resentence without a probation revocation hearing violated statutory requirements and constituted a denial of the constitutional protection of due process of law. The State claims, however, that the defendant waived this issue on appeal by failing to object at the sentencing hearing. We hold that the district court should not have set aside the original sentence without holding a hearing to determine the proper method to correct the defective written sentence. We reverse and remand.

On November 3, 1980, the defendant entered a negotiated plea of guilty to the charge of false use of a financial instru-

ment in violation of section 715.6 of the 1979 Code of Iowa. On January 16, 1981, pursuant to the plea bargain, the district court, the Honorable T.H. Nelson, presiding, deferred judgment and placed the defendant on probation.

The deferred judgment had a short life. On March 20, 1981, a complaint was filed by the defendant's probation officer alleging that he had information regarding probation violations by the defendant. A hearing on the complaint was set for April 17; on April 16, however, the defendant, his attorney, and an assistant county attorney appeared for a hearing in district court before the Honorable L. John Degnan. The defendant and attorneys stated that they had stipulated "that, in fact, a violation of probation did take place, and that the court would then revoke the deferred sentence ... and that a suspended sentence would be imposed in its place...." They also agreed that "the terms of the suspended sentence would be that [the defendant] be confined to the residential facility for a period of six months, and that following that confinement he be placed on probation to the Department of Corrections Services." Before proceeding further, Judge Degnan addressed the defendant, who admitted the violations set out in the report of the probation officer, subject to a statement in mitigation of one of the offenses. The defendant further agreed with the stipulation and consented to judgment. He was given a right of allocution, which he freely exercised. The court then pronounced sentence which provided in pertinent part:

> And I now sentence you as provided in paragraph three of [section] 902.9, [The Code] and you are sentenced to be confined for no more than ten years in the penitentiary. The court is not going to levy any fine now. The court further suspends this sentence for a period of five years, and as a condition of your probation, you will spend the first six months in the Garfield House....

This sentence is in accord with indeterminate sentences provided for class "C" felonies by Iowa Code section 902.9 (1981) and for the commitment to a community correc-

tion residential treatment facility as a term of probation as provided in section 907.3(2). The sentence complied with the terms of the stipulation.

The initial problem in this case arose from the written order signed by Judge Degnan and filed on April 16. That order revoked the probation and set forth the judgment entry containing the sentence. The order provided in pertinent part:

> The defendant is sentenced under section 902.9 of The Code *to ten years* in the penitentiary. The execution of this sentence is suspended during good behavior, and the defendant is committed to the custody, care, and supervision of the First Judicial District Department of Correctional Services for a period of five years. The defendant will be confined to the Garfield facility in Dubuque, Iowa, for a period of six months, commencing with the next available vacancy at this facility.

(Emphasis added). The sentence of "to ten years" did not contain a restrictive clause of "no more than" which section 902.9 requires.

The next record entry in defendant's criminal file was an order entered by Judge Nelson on September 18. The order set aside the sentence imposed upon the defendant "for the reason that the same imposes a sentence for a specific number of years and for the further reason that, in addition to the sentence of confinement in the penitentiary, imposes confinement for six months in the local detention facility." Judge Nelson also set a sentencing hearing for the defendant for the following day.

The defendant and his attorney appeared for a hearing on sentencing before Judge Nelson on September 18. Following the hearing the judge issued a written judgment and sentence that noted that the defendant's deferred judgment was revoked on April 16, 1981, on admitted violations of the terms of probation. The new sentence provided that the defendant be confined for a term of not more than ten years and credited him for the time he served prior to sentencing. There was no provision for the

suspension of the execution of the sentence and probation.

The defendant points out that his agreement to consent to the probation revocation on April 16 was contingent upon a suspension of his sentence with specified terms of probation. He asserts that Judge Nelson erred in accepting the portion of the agreement that revoked his probation while rejecting the sentence he agreed to. Thus, he contends that his probation was wrongfully revoked without a hearing and should be reinstated. We reach the same result; however, we take a different route.

We conclude that under these facts the nonsentencing judge should not have set aside the judgment entry containing the sentence without holding a hearing. The hearing would have developed facts to assist the second judge in determining whether the written judgment should be set aside as an illegal sentence or whether a clerical error in the judgment was made that should be corrected. If the latter action is the proper one, the suspended sentence could be set aside only after a revocation hearing was held.

■■■ Procedure and principles that apply to the imposition of a sentence aid us in determining the proper method to use in correcting the written sentence involved in this case. Iowa Code section 901.6 and Iowa R.Crim.P. 23(3)(d) generally provide that a sentencing court shall follow a two-step procedure in sentencing: (1) the rendition or oral pronouncement of sentence on the record in the presence of the defendant and (2) the preparation for recordation in the judgment docket by the filing of a written judgment entry containing specified data not at issue in this case. The oral sentence pronounced by the court is not the judgment of the court; the record in the judgment docket is proof that a judgment is entered and is the enforceable judgment. *State v. Shilinsky,* 248 Iowa 596, 602, 81 N.W.2d 444, 448 (1957). We have on numerous occasions held that the imposition of a sentence that is not permitted by statute is an illegal sentence, and such sentence is void and must be vacated. *State v. Wilson,* 294 N.W.2d 824, 826 (Iowa 1980); *State v. Marti,* 290 N.W.2d 570, 581–82 (Iowa 1980); *Gatton v. Brewer,* 268 N.W.2d 185, 187 (Iowa 1978); *State v. Wiese,* 201 N.W.2d 734, 737–38 (Iowa 1972); *State v. Hopp,* 190 N.W.2d 836, 837 (Iowa 1971); *State v. Taylor,* 258 Iowa 94, 96, 137 N.W.2d 688, 689 (1965); *State v. Edwards,* 255 Iowa 446, 447, 123 N.W.2d 4, 4 (1963); *Shilinsky,* 248 Iowa at 602–03, 81 N.W.2d at 448–49. Where, due to clerical error, the judgment entry incorrectly differs from the rendition of the judgment, however, the judgment entry may be corrected to make the record show what was actually done. *State v. Harbour,* 240 Iowa 705, 712, 37 N.W.2d 290, 293 (1949).

The Iowa Rules of Criminal Procedure provide for the correction of sentences in rules 22(3)(g) and 23(5)(a). We conclude that each rule was adopted for a special purpose, and that the application of either rule may produce a different result. We shall first discuss rule 23(5)(a), as Judge Nelson's action in setting aside the judgment entry in its entirety appears to fall under its auspices.

Rule 23(5)(a) provides that "[t]he court may correct an illegal sentence at any time." Its obvious purpose is to allow the court to correct an illegal sentence, for example, one that is not permitted by the statute. We recently stated that this rule "really adds nothing new; it reflects what Iowa courts have been doing." *State v. Young,* 292 N.W.2d 432, 435 (Iowa 1980).

Rule 22(3)(g) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." The purpose of this rule is not to correct illegal sentences, but rather to correct clerical mistakes. We conclude that rule 22(3)(g) merely adopts the practice of our courts at common law and by statute of correcting their judgments by nunc pro tunc orders. *See McVay v. Kenneth E. Montz Implement Co.,* 287 N.W.2d 149, 150 (Iowa 1980) (our courts have jurisdiction to correct their own

judgments by nunc pro tunc order, both at common law and by statute; however, while notice is not always necessary, the better practice is to afford a hearing to the opposing party); *Feddersen v. Feddersen,* 271 N.W.2d 717, 718 (Iowa 1979) (purpose of a nunc pro tunc order is the retroactive correction of errors or omissions in the form of prior orders); *Headley v. Headley,* 172 N.W.2d 104, 108 (Iowa 1969) (it is not the purpose of a nunc pro tunc order to correct a mistake of litigants, judicial thinking, or a mistake at law; the function is to make the record show truthfully what judgment was actually rendered).

In the case at hand the rendition of the judgment in open court was done correctly; however, the judgment entry was defective due to the omission of the words "no more than." We must decide whether the error on the written entry invalidates the entire sentence, including the rendition. Stated otherwise, the question is whether the written judgment entry may be corrected to conform to the correct oral pronouncement and rendition of sentence made in open court in the defendant's presence.

■ If Judge Degnan's judgment entry contained a clerical error, then we conclude that pursuant to rule 22(3)(g) the sentence may be corrected by a nunc pro tunc order. Support for our conclusion is found in *Harbour.* There we pointed out that the court had inherent power to correct clerical errors and we distinguished them from judicial errors when we stated:

> The rendition of a judgment is the judicial act of the court as distinguished from the entry of judgment which is the ministerial act of spreading it upon the record. The rule that there can be no judgment until it is entered in the proper record of the court has no reference to the effect to be given a nunc pro tunc entry.

(citations omitted). *Harbour,* 240 Iowa at 711, 37 N.W.2d at 293.

On the other hand, if Judge Degnan intentionally entered the written judgment entry contrary to the oral pronouncement, the sentence is illegal because it does not comply with the statute. In such event, the sentence must be vacated and a new sentence must be rendered. At the new hearing, after evidence is presented, the court may make a factual determination whether due process requires a new revocation hearing.

■ When the court file came to Judge Nelson's attention, it obviously showed an error in the judgment entry. We conclude that Judge Nelson's order sua sponte setting aside the sentence was premature and must itself be set aside. Unfortunately, Judge Nelson did not have the facts before him to determine whether the judgment entry should be corrected as an illegal sentence under rule 23(5)(a) or corrected for a clerical error under rule 22(3)(g). In *Harbour* we indicated that it was the general practice to allow the judge who made the order to hear and determine applications to correct it. *Harbour,* 240 Iowa at 710, 37 N.W.2d at 293. We believe Judge Degnan would have been in a better position to determine whether the difference between the judgment entry of sentence and the sentence he imposed orally was intentional, or whether the difference was due to clerical error. Either this matter should be heard by Judge Degnan or else he should be given the opportunity to present evidence as to his intention.

■ Finally, we find no merit in the State's claim that the defendant waived error by his failure to object at the time of sentencing. The defendant's attorney replied in the negative when Judge Nelson asked if there was any reason why judgment and sentence should not be pronounced. The concept of preservation of error, which is the basis of the State's claim of waiver, is not applicable under the facts of this case. The mistake had occurred the day before the sentencing when the judgment entry was set aside without a notice or hearing. The defendant had no opportunity to object to this order, and an objection now would not reinstate the status quo. Also, the defendant had no way of knowing whether the sentence about to be pronounced would differ from the original pro-

nouncement of sentence that conformed with the agreement he had with the State. *See State v. Wilson*, 294 N.W.2d 824, 826 (Iowa 1980). We conclude that defendant did not waive the error.

REVERSED AND REMANDED.