# IN THE COURT OF APPEALS OF IOWA

No. 14-1154
Filed April 8, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES LEE MOORE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark J. Smith,

Judge.


        James Moore appeals his sentence following a guilty plea to assault

causing bodily injury.  **SENTENCE VACATED AND CASE REMANDED FOR**

**RESENTENCING.**


        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney

General, Michael J. Walton, County Attorney, and Will Ripley, Assistant County

Attorney, for appellee.


        Considered by Potterfield, P.J., Bower, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**POTTERFIELD, P.J.**

James Moore appeals his sentence following a guilty plea to assault causing bodily injury.

**I. Factual and Procedural Background**

Moore was involved in an altercation with a clerk in a grocery store on August 5, 2012. The State charged him with two counts of assault causing bodily injury, in violation of Iowa Code section 708.2(2) (2011).[1] The parties reached a plea agreement in which Moore would plead guilty to the first count and the State would dismiss the second. The State agreed to recommend a sentence of 360 days in county jail, all but 30 days suspended, and a $315 fine. The district court accepted Moore's written guilty plea and sentenced him according to the State's recommendation. Moore appealed because the district court failed to afford him his right to allocution before imposing its sentence, and this court remanded for resentencing. *See State v. Moore*, No. 13-0223, 2014 WL 69541, at *2–3 (Iowa Ct. App. Jan. 9, 2014).

The district court conducted a resentencing hearing on May 22, 2014. Moore's counsel issued statements regarding positive changes in Moore's life since the August 5, 2012 incident. The State's counsel again made the recommendation it agreed upon during plea negotiations. The hearing proceeded:

---

[1] "A person who commits an assault, as defined in section 708.1, and who causes bodily injury . . . is guilty of a serious misdemeanor." Iowa Code § 708.2(2). Iowa Code section 708.1 defines assault as "[a]ny act which is intended to cause pain or injury to . . . another, coupled with the apparent ability to execute the act."

The Court: So the Court would, pursuant to your plea agreement, and pursuant to your plea of guilty to Assault Resulting in Bodily Injury, in violation of Iowa Code Section 708.2(2) and as provided by Section 903.1 of the Iowa Criminal Code, it is the judgment and sentence of the Court that you be and are hereby committed to the custody of the Sheriff of Scott County for a period of 360 days; all but 15 of that are suspended. . . .

. . . .

The Court: [Y]ou asked for a delay in mittimus, is that correct?

Moore's Counsel: Yes, your Honor. Could that be until the 7th of June?

The Court: No. I'll entertain a week or so, but not June 7th.

Moore's Counsel: He does have . . . two matters that are unsettled with the courts; one of them is here in Scott County, the other one is in Rock Island. . . .

The Court: Were they committed after this offense?

. . . .

State's Counsel: Your Honor, I didn't mention these, as they are at this moment unresolved.

The Court: Well, that may be, but it certainly goes to my sentence. I'm not going to—I'm going to rescind what I just did, I'm going to continue this until those charges are resolved. Once they're resolved, then I'll sentence him.

Sentencing was continued until July 3, 2014.

At the July 3 resentencing hearing, Moore's counsel again made statements regarding the positive changes in Moore's life since the incident. Counsel continued:

Moore's Counsel: I do want to let the Court know the last time that we were here, we had believed that he had some charges that were going to be resolved by now; however, Mr. Moore reports to me that he has a charge here in Scott County that is an assault charge—

The Court: Is that a pending charge?

Moore's Counsel: It is a pending charge, Your Honor.

The Court: Then the Court does not consider that as part of the sentencing.

Moore's Counsel: I understand that, Your Honor; however, last time I think we were here, we didn't want to have a resolution here until we found out what was going to happen with those. The charge still exists out there, just so you know.

> The Court: Again, I want to make it clear I'm not considering that as part of the sentencing.
>
> Moore's Counsel: Understood, Your Honor.

The district court went on to sentence Moore to 360 days in county jail with all but 30 days suspended. It denied a request to delay mittimus for one week to allow Moore to make arrangements at his workplace. Moore served the time in county jail and received time off for good behavior pursuant to Iowa Code section 356.46.[2]

Moore appeals his sentence, claiming the district court had no authority to "rescind" its sentence at the May 22, 2014 hearing.[3] He also claims the district court abused its discretion by considering unproven offenses as a factor in its sentencing determination.

## II. Mootness

The State argues Moore's appeal is moot "because his requested remedies do not have a practical legal effect." It is a well-established principle of judicial restraint that "courts do not decide cases when the underlying controversy is moot." *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005). "[A]n appeal is deemed moot if the issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy." *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002).

---

[2] Iowa Code section 356.46 provides in part, "Every prisoner in the county jail may . . . at the discretion of the sentencing judge, receive a reduction of sentence in an amount to be determined by the judge . . . ."

[3] If error is not preserved on this issue, Moore argues in the alternative he suffered from ineffective assistance because his counsel failed to preserve error for review. However, "errors in sentencing may be challenged on direct appeal even in the absence of an objection in the district court." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). We therefore consider the merits of the claim and do not consider the alternative ineffective-assistance claim.

Moore has discharged the non-suspended portion of his sentence by serving time in jail and receiving time off for good behavior. However, the remainder of his sentence was suspended, and a suspended sentence is accompanied by probation.[4] The period of probation for a misdemeanor "shall not be less than one year." Iowa Code § 907.7(2). This appeal reaches us within the probationary period, and there is no indication in the record the mandatory probationary period has been reduced or Moore has been discharged.

One of Moore's requested remedies is that we vacate his sentence and remand for resentencing before a different judge. Moore's assault conviction is a serious misdemeanor, and the sentencing judge has broad discretion in sentencing.[5] If resentencing occurs, Moore may no longer be sentenced to imprisonment or subject to probation, whereas he remains subject to probation and the potential for revocation of that probation under his current sentence. Since there remains a justiciable controversy, we decline to dismiss Moore's claims on appeal as moot.[6]

---

[4] Iowa Code section 907.3(3) provides, "[T]he court may suspend the sentence and place the defendant on probation . . . ."

[5] "For a serious misdemeanor, there shall be a fine of at least three hundred fifteen dollars but not to exceed one thousand eight hundred seventy-five dollars. In addition, the court *may* also order imprisonment not to exceed one year." Iowa Code § 903.1(1)(b) (emphasis added).

[6] Even if we considered Moore's issues moot, we could proceed to the merits because there is an exception to the mootness doctrine for "issues of broad public importance likely to recur." *Hernandez-Lopez*, 639 N.W.2d at 234. There are public implications of a case like Moore's in which a court may have relied upon impermissible factors in sentencing a defendant to an incarceration term that is shorter than the time needed to complete the appellate process. These circumstances are likely to recur and would otherwise evade appellate review. *See id.* We therefore may consider the merits of Moore's claims irrespective of their mootness.

**III. Standard of Review**

We review claims of error in sentencing for correction of errors at law. *See* Iowa R. App. P. 6.907; *State v. Valin*, 724 N.W.2d 440, 443–44 (Iowa 2006). Where, as here, the sentence imposed is within the statutory limits, "it is necessary to determine whether legal error occurred because the district court abused its discretion." *Valin*, 724 N.W.2d at 444.

**IV. Discussion**

Moore first claims the district court had no authority to "rescind" its original 15-day sentence. We disagree. "The oral sentence pronounced by the court is not the judgment of the court; the record in the judgment docket is proof that a judgment is entered and is the enforceable judgment."[7] *State v. Suchanek*, 326 N.W.2d 263, 265 (Iowa 1982). In this sense, the 15-day sentence was never formally the judgment of the court. Because no written order was issued, the district court did not "rescind" a final enforceable judgment at the May 22 hearing. The district court was not procedurally bound by its abandoned intent to suspend all but fifteen days of Moore's sentence as expressed at the May 22 hearing. Moore is not entitled to any remedy based on this argument.

Moore's second argument is that the district court relied upon impermissible considerations to make its sentencing determination at the July 3 resentencing hearing. "'It is a well-established rule that a sentencing court may

---

[7] We note that a discrepancy between the oral pronouncement of sentence and the written judgment is resolved in the favor of the oral pronouncement, but only if doing so "harmonize[s] the intent of the court with the written judgment." *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (citation omitted). There is no clerical error in this case giving rise to an uncertainty in the court's intent as in *Hess*. Rather, it is clear from the record that it was not the district court's intent to issue or enter a written sentencing order at the close of the May 22 hearing.

not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses.'" *State v. Washington*, 832 N.W.2d 650, 659 (Iowa 2013) (quoting *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002)). "[I]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required, even if it was merely a secondary consideration." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). We presume the district court rendered its sentencing decisions based on permissible factors, and it is Moore's burden to affirmatively show reliance on improper evidence. *Washington*, 832 N.W.2d at 661.

Moore argues the district court impermissibly considered his pending charges in making its sentencing determination. He notes the district court initially intended to suspend all but fifteen days of his sentence, continued the sentencing when it learned he had a pending charge, proceeded with resentencing on July 3 despite the continued pending status of the charge, and imposed a harsher penalty despite no changes in the case's circumstances save the district court's knowledge of the pending charge. The State counters the district court explicitly stated it did not consider the pending charge at the July 3 hearing and relied instead upon the "gravity of that situation" leading to the assault conviction.

Because the only circumstance that changed between the district court's 15-day sentence and 30-day sentence was its knowledge of Moore's pending charge, we find the district court relied on impermissible factors to make its sentencing determination. The court's reaction to learning of Moore's pending

charges at the May 22 hearing indicates that its determination of the proper sentence changed upon so learning. The district court offered no other factor, and there is none in the record, that accounts for the increased sentence between the original 15-day pronouncement and the following 30-day sentence.

The court's express disclaimer of consideration of the pending charge at the July 3 hearing, though important to our analysis, is not dispositive under our supreme court's holding in *Lovell*.

> [A]lthough the district court attempted to disclaim the reference to the impermissible sentencing factor, we cannot speculate about the weight the sentencing court gave to these unknown circumstances. Since we cannot evaluate their influence, we must strike down the sentence.

*Lovell*, 857 N.W.2d at 243 (citation and internal quotation marks omitted). Our courts are especially mindful of "the integrity of our judicial system from the appearance of impropriety" in regard to the consideration of impermissible factors in sentencing. *Id.* To comport with *Lovell*, we must vacate Moore's sentence and remand for resentencing before a different judge.

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**