# IN THE COURT OF APPEALS OF IOWA

No. 18-0083
Filed May 1, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RAMON HERNANDEZ-MENDOZA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Crawford County, Jeffrey A. Neary, Judge.

Ramon Hernandez-Mendoza appeals his convictions and sentence for homicide by vehicle, controlled substance violations, and supplying alcohol to minors. **CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, (until his withdrawal) and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Vaitheswaran, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Ramon Hernandez-Mendoza appeals his convictions and sentence for homicide by vehicle, controlled substance violations, and supplying alcohol to minors. He argues his counsel was ineffective for failing to move for judgment of acquittal on the basis of causation for the homicide-by-vehicle charge. Because substantial evidence supports finding his intoxicated driving was a factual cause and—if applicable—a proximate cause of death, we find his counsel was not ineffective. He also argues his sentences are illegal because the sentencing order is inconsistent on whether it applied an enhancement and it imposed a minimum term of confinement on one charge without authority. The State in turn argues his sentences are illegal because the court waived a minimum term of confinement on other charges without authority. We find his sentences are illegal because the court misapplied minimum terms of confinement. Therefore, we affirm his convictions, vacate his sentences in part, and remand for the district court to amend the judgment and sentences.

I.      **Background Facts and Proceedings**

Shortly after 3:00 a.m. on January 19, 2017, Deputy Todd Perdew with the Crawford County Sherriff's Office learned of a vehicle accident near a home in Denison. When he arrived at the home, he found J.H.[1] covered in blankets and shivering. J.H. said he was in the accident and four other people were still in a "pond." After some searching, Deputy Perdew found Hernandez-Mendoza, Y.A.,[2]

---

[1] J.H. was born in 2000.
[2] Y.A. was born in 2001.

Y.M.,[3] and Valeria Rodriguez[4] trapped in the Boyer River. They were partially submerged and clinging to grass on the river banks. Their vehicle had apparently been driven through a nearby field and fell into the river. Deputy Perdew requested assistance with the rescue due to the cold and dark conditions and the steepness and size of the river banks. While waiting for assistance, he used a rope to pull Hernandez-Mendoza to safety. He then saw Y.A. separate from the river bank and float down the river. Assistance arrived shortly thereafter and pulled Y.M. and Rodriguez to safety. Hernandez-Mendoza, Y.M., and Rodriguez were transported to a hospital, though Y.A. remained missing.

Later that morning, Deputy Perdew went to the hospital to talk to the persons pulled from the river. At the hospital, Hernandez-Mendoza told Deputy Perdew he was driving at the time of the accident and he had consumed six beers prior to the accident. He believed the accident had occurred around 11:00 the previous night and they had been in the river for three to four hours before their rescue.

On January 23, Hernandez-Mendoza spoke to law enforcement at the sheriff's office in a recorded interview. During the interview, he acknowledged he drank six beers at his home early in the evening of January 18. Later, he drove to pick up J.H., Y.A., Y.M., and Rodriguez, and he then purchased alcohol and Swisher Sweets cigarillos for the group.[5] The group went to another home, where they drank the alcohol he purchased. They also rolled and smoked blunts using

---

[3] Y.M. was born in 2000.
[4] Rodriguez was born in 1997.
[5] A receipt shows he purchased the alcohol and cigarillos at 8:38 p.m.

the cigarillos he purchased and marijuana he supplied. They left the home around 10:30 that night to cruise around the area. After driving the group for about a half-hour, Hernandez-Mendoza swerved into a ditch. He drove through a field, thinking he was driving back toward the road but unintentionally drove into the river.

On January 26, officials found Y.A.'s body in the river. An autopsy determined her cause of death was drowning with hypothermia being a significant other condition.

Following a jury trial, Hernandez-Mendoza was convicted of: (Count 1) homicide by vehicle as to the death of Y.A. under Iowa Code section 707.6A(1) (2017); (Counts 2, 3, and 4) distribution of or possession with intent to distribute a controlled substance to a person under age eighteen as to J.H., Y.A., and Y.M. under Iowa Code section 124.406(1)(a); (Count 5) delivery of or possession with intent to deliver marijuana as to Rodriguez under Iowa Code section 124.401(1)(d); and (Counts 6, 7, 8, and 9) selling, giving, or otherwise supplying alcohol to persons under legal age as to all four passengers under Iowa Code section 123.47(1), (5). The court sentenced him to terms of incarceration not to exceed twenty-five years for Counts 1 through 4 and ten years for Count 5, to run concurrently, and it imposed fines for Counts 5 through 9 and surcharges for all Counts. He now appeals.

## II.     Standard of Review

"We review ineffective-assistance-of-counsel claims de novo." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We review nonconstitutional claims of an illegal sentence for correction of errors at law. *State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015).

### III. Ineffective Assistance—Causation

Hernandez-Mendoza argues his counsel was ineffective for failing to move for judgment of acquittal on the grounds of causation for homicide by vehicle. To show ineffective assistance, he must prove "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Straw*, 709 N.W.2d at 133 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A motion for judgment of acquittal fails "when, viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in the State's favor, 'there is substantial evidence in the record to support a finding of the challenged element.'" *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (quoting *State v. Reynolds*, 670 N.W.2d 405, 409 (Iowa 2003)). "Substantial evidence means evidence that 'could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *Reynolds*, 670 N.W.2d at 410).

A person commits homicide by vehicle "when the person unintentionally causes the death of another by operating a motor vehicle while intoxicated." Iowa Code § 707.6A(1). The State must "prove a causal connection between the defendant's intoxicated driving and the victim's death." *State v. Adams*, 810 N.W.2d 365, 371 (Iowa 2012). This type of causation is known as "factual causation." *Id.* at 372. In typical criminal cases, "the determination of factual causation turns simply on whether 'the harm would not have occurred absent the [defendant's] conduct.'" *Id.* (quoting *State v. Tribble*, 790 N.W.2d 121, 127 (Iowa 2010)). In a prosecution for homicide by vehicle while intoxicated, the factual causation question "asks whether the victim's death would have occurred in the absence of the defendant's criminal act—intoxicated driving." *Id.* We find

substantial evidence clearly supports the jury's finding of factual causation as described in *Adams*. *See id.* Hernandez-Mendoza admitted he drank multiple beers and smoked marijuana before driving the vehicle off the road, through the field, and into the icy river where Y.A. drowned. These admissions provide substantial evidence for the jury to conclude the harm—Y.A.'s death—would not have occurred absent Hernandez-Mendoza's conduct—his intoxicated driving. The State proved factual causation.

Hernandez-Mendoza more specifically asserts his counsel was ineffective for failing to challenge legal or proximate cause, which is the "scope of liability" of his conduct. Under this standard, the defendant's "liability is limited to those physical harms that result from the risks that made the actor's conduct" criminal, which confines the scope of liability "to the reasons for holding the actor liable in the first place." *Thompson v. Kaczinski*, 774 N.W.2d 829, 838 (Iowa 2009) (quoting Restatement (Third) of Torts: Liab. for Physical Harm § 29 (Am. Law Inst. Proposed Final Draft No. 1, 2005)); *see also State v. Hubka*, 480 N.W.2d 867, 869 (Iowa 1992) ("[T]he definition of 'proximate cause' in criminal cases is identical to its definition in civil cases.").

Since adopting the Restatement (Third) view of causation in civil cases, our supreme court has not found proximate cause still applies in criminal cases; rather, the court has "left open the possibility that criminal causation might still require *more than* proof of but-for factual causation." *State v. Tyler*, 873 N.W.2d 741, 750 (Iowa 2016). When the law is unsettled, counsel has no duty "to raise a claim that has not been recognized or suggested by our previous case law or other authority." *Schertz v. State*, 380 N.W.2d 404, 415 (Iowa 1985). Even if we presume proximate

cause utilizing the scope of liability standard in criminal cases has been sufficiently recognized or suggested to create a potential duty for Hernandez-Mendoza's counsel, we cannot find his counsel was ineffective for failing to raise proximate cause, as the instructions indicate the jury was instructed on both factual and legal cause.[6]   Moreover, Hernandez-Mendoza argues his actions were not the proximate cause of Y.A.'s death because "[e]veryone was fine" on the river banks until the rescue attempt went "afoul" hours after the accident.  However, as the State notes and record clearly shows, everyone was not "fine."  Multiple witnesses, including Deputy Perdew, Y.M., and Rodriguez, testified as to the life-threatening conditions in the icy river and the individuals clinging to grass in the steep river bank in the dark of night.  They also testified as to the difficulty of escaping the river, especially before the well-equipped rescuers arrived.  The jury accepted this testimony, as they are entitled to do.  *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).  Additionally, the record contains no evidence the rescue went "afoul" other than the mere fact Y.A. separated from the river bank and floated away at one point.  While hours passed between the accident and Y.A.'s drowning, the

---

[6] Jury Instruction No. 12 provided guidance on both factual cause and proximate cause, referred to as scope of criminal liability:

> The State must prove a causal connection between the act or acts of Ramon Hernandez and the death of [Y.A.].  The alleged acts or conduct of Ramon Hernandez "caused" the death of [Y.A.] when her death would not have happened except for the acts or conduct. . . .
>
> The State must also prove that the death of [Y.A.] was within the scope of Ramon Hernandez's criminal responsibility.  The death is within the scope of criminal responsibility if that death arises from the same types of danger created by Ramon Hernandez's act or acts.  You should consider whether repetition of Ramon Hernandez's act or acts would make it more likely that the death of [Y.A.] would happen.  If Ramon Hernandez's act or acts would not make [Y.A.'s] death more likely to occur, they are not within the scope of his criminal responsibility.

evidence is sufficient to conclude Hernandez-Mendoza's intoxicated driving was a proximate cause of her death.

Hernandez-Mendoza also asserts his counsel was ineffective for failing to raise proximate cause as it existed before Iowa adopted the Restatement (Third) view of proximate cause. Our supreme court has explicitly stated Iowa clarified its law on causation with the adoption of the Restatement (Third) and challenges to criminal causation must address the recent caselaw. *See Tyler*, 873 N.W.2d at 749. Therefore, his counsel had no duty to raise proximate cause as it existed before adoption of the Restatement (Third). *See Schertz*, 380 N.W.2d at 415.

Because substantial evidence supports finding Hernandez-Mendoza's intoxicated driving was a factual cause and—if applicable—a proximate cause of Y.A.'s drowning, his counsel was not ineffective for failing to raise causation in a motion for judgment of acquittal.

## IV.    Sentence

### A. *Counts 2, 3, and 4*

The State argues Hernandez-Mendoza's sentencing order is illegal as to Counts 2, 3, and 4 (distribution of marijuana to a minor) because it does not impose minimum terms of confinement. Under Iowa Code section 124.406(1)(a), a person who:

> Unlawfully distributes or possesses with intent to distribute a substance listed in schedule I or II to a person under eighteen years of age commits a class "B" felony and shall serve a minimum term of confinement of five years. However, if the substance was distributed in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school, public park, public swimming pool, public recreation center, or on a marked school bus, the person shall serve a minimum term of confinement of ten years.

This language clearly requires a minimum term of confinement, and the court imposed illegal sentences by requiring no such minimum on Counts 2, 3, and 4. Therefore, we vacate his sentences in part due to the lack of minimum terms of confinement on Counts 2, 3, and 4, and we remand for resentencing for the district court to impose the appropriate minimums required by Iowa Code section 124.406(1)(a) under the record.

### B. *Count 5*

Hernandez-Mendoza argues his sentencing order is illegal as to Count 5 (delivery of marijuana) because the order: (1) states the court both did and did not enhance his sentence under Iowa Code section 124.401A; (2) imposes a term of incarceration not to exceed ten years on Count 5, which exceeds the sentence authorized by section 124.401(1)(d) without the section 124.401A enhancement; and (3) imposes a minimum term of confinement, which is not authorized under the Iowa Code.

The State argues we should dismiss Hernandez-Mendoza's arguments as moot because, after he filed his appeal, the district court entered a nunc pro tunc order to correct his sentence. However, the nunc pro tunc order only addresses the mandatory minimum sentence; it does not address his other arguments about the section 124.401A enhancement. Furthermore, a district court may use a nunc pro tunc order to correct a sentencing order only if the error is clerical. Iowa R. Crim. P. 2.23(3)(g); *State v. Suchanek*, 326 N.W.2d 263, 265–66 (Iowa 1982). If the sentencing court committed judicial error, "the sentence must be vacated" rather than relying on a nunc pro tunc order. *Suchanek*, 326 N.W.2d at 266.

At sentencing, the court said Count 5, "starts out as a Class 'D' felony, with a period of incarceration not to exceed five years, but because of the [section 124.401A] enhancement . . . that goes essentially to a five-year mandatory minimum. So it goes to a ten with a five-year mandatory minimum, I believe." The transcript clearly shows the court intended to apply the section 124.401A enhancement and impose a term of incarceration not to exceed ten years with a five-year minimum. Any indication in the sentencing order that the court did not apply the section 124.401A enhancement is mere clerical error. However, a five-year minimum is not authorized for distribution of marijuana, even with the enhancement. *See generally* Iowa Code §§ 124.401, .401A. This error is judicial and requires vacating his sentence, regardless of the actual sentence he is currently serving after the nunc pro tunc order. *See Suchanek*, 326 N.W.2d at 266. Therefore, we vacate his sentence as to Count 5, and we remand for resentencing to correct the errors.

## C. *Resentencing on Remand*

Having vacated Hernandez-Mendoza's sentences in part, the question remains as to how the court should correct his sentences on remand. The sentencing transcript shows the court understood the facts and the essential sentencing options available to it. The court made a nonsubstantive error in the written order about waiving the section 124.401A enhancement for Count 5, and it made minor judicial errors about the minimum terms of confinement for Counts 2 through 5. These errors are not so fundamental as to require a full resentencing where the parties are free to argue for harsher or lighter sentences. *See State v. Pearson*, 876 N.W.2d 200, 207 (Iowa 2016). Therefore, on remand we direct the

district court to amend the original judgment and sentences to impose the appropriate minimum terms of confinement for each of Counts 2, 3, and 4; to remove the five-year minimum term of confinement for Count 5; and to clarify the application of the section 124.401A enhancement for Count 5.

**CONVICTIONS AFFIRMED, SENTENCES VACATED IN PART, AND REMANDED FOR RESENTENCING.**